**ROBERT BONDAR, ATTORNEY AT LAW, P.C.**
28 Dooley Street · 3rd Floor · Brooklyn, NY 11235

Tel. (347) 462-3262
Fax (347) 462-3261

e-mail: rbondar@bondarlaw.com

▪Member of NY & NJ Bars

January 16, 2024

The Hon. Joseph A. Marutollo, U.S.M.J.
U.S. District Court,
Eastern District of New York
225 Cadman Plaza East
Chambers: N331
Brooklyn, NY 11201

Re:  **Chorna et al v. Gosht Inc. et al; Case No.: 1:24-cv-04455-RER-JAM**
**Joint Letter; Plaintiff's anticipated failure to attend deposition**

Your Honor:

This office represents Defendants Gosht, Inc., and Abdurashid Iminov, collectively, the ("Defendants"). By the instant letter-motion, Defendants hereby request an informal pre-motion discovery conference with the Court, pursuant to Your Honor's Individual Motion Practice Rules (V(B)) and the Local Civil Rule 37.2. This letter is submitted jointly with counsel for Plaintiffs Daria Chorna, Anzhela Akhtiamova, Bhruz Normatov, Rostam Zakiev, Yuliya Shevchenko and Alexey Esremov (collectively, the "Plaintiffs").

A.  **Defendants' brief statement of the claims and defenses at issue in the case**

In the complaint, Plaintiffs asserted a number of claims against the Defendants, generally stemming from FLSA and New York Labor Law for the alleged failure to pay proper minimum wage and overtime compensation, in addition to other related claims, such as spread-of-hours claims, wage statement violations, and unlawful tip deductions.

Defendants categorically dispute Plaintiffs allegations. To support their denials, Defendants rely on the documentary evidence, some of which was produced to Plaintiffs as part of R.26(a) discovery production, and the rest - in response to Plaintiffs' demands for documents on October 21, 2024.

Specifically, Defendants rely on the "Notification of Pay and Affirmation" documents, which were signed by all Plaintiffs on a weekly basis. The Notification of Pay and Affirmation contained the hours worked by each Plaintiff, the rates of pay, including for overtime, how much wages were taken in cash vs. by check, Plaintiffs' affirmation that all wages due to Plaintiffs for the prior pay periods had been paid in full, and a release from liability against Gosht Inc.

1

On the basis of these, and other documents, as well as witnesses' testimony, Defendants contend that Plaintiffs had been paid in full for all their work hours, including overtime, in the amounts substantially exceeding the minimum wage, and that no additional moneys are due to Plaintiffs from the Defendants as either compensation for their work or for Plaintiffs' legal fees.

**B.    Plaintiff Akhtiamova's anticipated refusal to attend formally noticed deposition**

On January 7, 2025, Defendants send formal deposition notices to Plaintiffs' counsel. Deposition of Plaintiff Akhtiamova's is noticed for 10 a.m. tomorrow, Friday, January 17, 2025, however Plaintiffs' counsel refuses to not only produce his client, but also to provide any other alternative dates for her deposition. As a result, Defendants are obligated to apprise the Court of the dilatory and distressing conduct of counsel as well as to request a pre-motion telephone conference to compel Plaintiff to attend her deposition or be subject to R.37 motion for sanctions, including the striking of the pleadings.

Defendants had made several good faith efforts to avoid the necessity of the instant motion. However, despite our efforts to resolve this issue without disturbing the Court, the matter does not appear to be resolvable without the Court's intervention. Defendants, in good faith, had first attempted to coordinate and find mutually agreeable dates for the depositions. However, they were unable to do so due to Plaintiffs' counsel's continued pattern of recalcitrance, ignoring Defendant's counsel's communications and requests to provide the available dates. Defendants first requested Plaintiffs' availability on December 23, 2024, by e-mail. **Ex. A**. Defendants' request was ignored, as I had not received any replies from Plaintiff's counsel. One week later, on January 2, 2025, I sent another e-mail to counsel requesting a response to my December 23, 2024, e-mail. **Ex. B**. Similarly, counsel failed to respond to the second e-mail too.

Understandably frustrated with counsel's non-responsiveness, on January 7, 2025, I served Plaintiffs' counsel with the formal notices of deposition, whereby Plaintiff Akhtiamova's deposition was scheduled on ten days' notice. **Ex. C**. The notices resulted in counsel's attention, however in his response he only tersely stated that "These dates don't work for us", without providing any alternative dates when counsel and his clients would be available.

Due to the tight discovery deadlines imposed by the Court, on January 8, 2025, I insisted that deposition would go forward as noticed, however still requested that counsel provide some alternative dates, so that the parties can mutually agree. And then again on January 9, 2025, I advised counsel that the deposition would go forward unless he responded with the available dates. **Ex. D**. Counsel promised to speak with his clients and let me know. **Ex. E**. To date, no alternative dates were ever provided or proposed by Plaintiffs.

On January 15, 2025, I served counsel with the court reporter's confirmation of Plaintiff Akhtiamova's deposition and advising counsel that plaintiff's failure to appear would result in

this request to make a discovery motion pursuant to R. 37. **Ex. F.** In response, counsel brazenly and inexplicably demanded that the deposition notice be withdrawn. **Ex. G.**

Plaintiff's anticipated failure to appear at a formally noticed deposition severely prejudices the Defendants, as they might be unable to comply with the Court's November 14, 2024 Order, which directs all discovery to be completed by February 21, 2025, and therefore may be precluded from presenting their defenses, to which Defendants are entitled.

**C.      Plaintiffs' brief statement of the claims and defenses at issue in the case**

Plaintiffs' Position:

On Wednesday, January 15, 2025 at 12:25 p.m., Defendants' counsel attempted to unilaterally notice the in-person deposition for Plaintiff Anzhela Akhtiamova, for Friday, January 17, 2025 at 10:00 a.m – i.e., on less than 48-hours notice. Via email on January 15, 2025 at 12:30 p.m., Plaintiffs' counsel advised that the proposed deposition date did not constitute reasonable advanced notice, under the Fed.R.Civ.P. and controlling case law. By way of background, the parties' deposition completion deadline is February 21, 2025. [See 11/14/2024 Minute Entry]. Defendants' counsel further refused to propose any dates or times for his clients' depositions.

This morning, at 9:24 a.m., Defendants' counsel emailed Plaintiffs' counsel the instant draft letter motion. At 9:25 a.m., Plaintiffs' counsel responded:
"Please propose three (3) dates and times for your availability to meet-and-confer, pursuant to LCR 37.2, Fed.R.Civ.P. 37(a)(1) and the Court's Individual Rules, before the filing of a motion seeking court intervention."
Defendants' counsel refused to provide any availability to meet-and-confer, and instead, opted to file the instant letter, on the objection of Plaintiffs' counsel.

Defendants' failure to comply with this Court's Individual Motion Practice Rules is sufficient grounds in and of itself to deny the instant letter motion. See United States for use & benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co., 2021 WL 1948487, at *5 (S.D.N.Y. 2021); Bento v. New York City Dep't of Citywide Admin. Servs., 2020 WL 1434570, at *4 (S.D.N.Y. 2020); Paulson v. Tidal, 2018 WL 3432166, at *6 (S.D.N.Y. 2018); Stone v. 866 3rd Next Generation Hotel, 2001 WL 515202, at *1 (S.D.N.Y. 2001).

Plaintiffs respectfully request that the Court direct Defendants' counsel to satisfy his meet-and-conferral obligations, before seeking costly and valuable judicial intervention. Plaintiffs are prepared to diligently complete all remaining fact discovery on or before the February 21, 2025 deadline.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Robert Bondar*

Robert Bondar, Esq.